**UNITED STATES of America,**

v.

**Bryan Scott MORTIMER, Appellant.**

**No. 03–4174.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) July 12, 2004.

Filed: Feb. 10, 2005.

---

Bonnie R. Schlueter, Paul M. Thompson, Office of United States Attorney, Pittsburgh, PA, for Appellee.

Thomas W. Patton, Office of Federal Public Defender, Erie, PA, for Appellant.

Before: RENDELL, FISHER and VAN ANTWERPEN, Circuit Judges.

## OPINION OF THE COURT

VAN ANTWERPEN, Circuit Judge.

The major issue presented in this case is whether the affidavit on its face provided a substantial basis for the district justice's finding of probable cause. For the following reasons, the affidavit supporting the warrant provided a substantial basis for finding probable cause to search Appellant's jeep. Alternatively, even if the affidavit did not establish probable cause, the officers who executed the search of Appellant's jeep relied on the warrant in objective good faith. Accordingly, we affirm the District Court's denial of Mr. Mortimer's motion to suppress and the Judgment of Conviction. However, in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we will vacate his sentence and remand for resentencing in accordance with *Booker*. As we write only for the parties, we need not restate the facts.

## I. JURISDICTION

The District Court had jurisdiction under 18 U.S.C. § 3231. A timely notice of appeal was filed on October 17, 2003. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## II. ANALYSIS

A. *The Affidavit Establishes Probable Cause*

In ruling on Mr. Mortimer's motion to suppress, the District Court "did not question the facts contained in the affidavit" supporting the search warrant. *United States v. Jones*, 994 F.2d 1051, 1055 (3d Cir.1993). As such, we exercise plenary review of the District Court's denial of Appellant's motion to suppress. *Id.* at 1055, & n. 5; *United States v. Hodge*, 246 F.3d 301, 306 (3d Cir.2001). It goes without saying that although the warrant was

issued by a state district justice, the validity of the warrant is governed by federal law. *United States v. Rickus*, 737 F.2d 360, 364 (3d Cir.1984). Because our review of the District Court's decision denying Mr. Mortimer's motion to suppress is plenary, we are obliged to apply the same deferential standard that the district court applies in reviewing a magistrate judge's initial probable cause determination. *Jones*, 994 F.2d at 1055. Specifically, we must pay "great deference" to the magistrate's determination of probable cause. *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (quoting *Spinelli v. United States*, 393 U.S. 410, 419, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969)).

Thus, in reviewing the probable cause assessment, this Court does not undertake a de novo review of whether probable cause actually existed. *Jones*, 994 F.2d at 1054, 1055, 1057. Instead, our duty, like that of a district court, is simply to ensure that the state district justice had a "substantial basis" for concluding that the affidavit supporting the warrant established probable cause. *Id.* at 1054; *see also Gates*, 462 U.S. at 236, 103 S.Ct. 2317. In making this assessment, this Court confines itself "to the facts that were before the magistrate judge, i.e., the affidavit, and [does] not consider information from other portions of the record." *Jones*, 994 F.2d at 1055. Moreover, "the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." *Id.* at 1057–58 (quoting *United States v. Ventresca*, 380 U.S. 102, 109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965)). That said, the great deference afforded to a magistrate's determination "does not mean that reviewing courts should simply rubber stamp a magistrate's conclusion." *United States v. Tehfe*, 722 F.2d 1114, 1117 (3d Cir.1983), *cert. denied sub nom., Sanchez v. United States*, 466 U.S. 904, 104 S.Ct. 1679, 80 L.Ed.2d 154 (1984). A magistrate judge or state district justice may find probable cause when, viewing the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238, 103 S.Ct. 2317. Proof beyond a reasonable doubt is not required. *Id.* at 235, 103 S.Ct. 2317.

■ Mr. Mortimer argues that Patrolman Williams' affidavit failed to marshal enough facts or evidence to warrant the district justice's conclusion that there was a fair probability that either drugs or drug paraphernalia would be found in his jeep. The supporting affidavit must be read in its entirety and in a common sense and nontechnical manner. *Gates*, 462 U.S. at 230–31, 103 S.Ct. 2317. Read in this light, the affidavit sets forth ample facts to support the magistrate's finding of probable cause to believe that drug related evidence would be discovered in Mr. Mortimer's vehicle.

Although the affidavit does not provide direct evidence that contraband would be present in Mr. Mortimer's jeep, "direct evidence linking the place to be searched to the crime is not required for issuance of a search warrant." *United States v. Conley*, 4 F.3d 1200, 1207 (3d Cir.1993). Instead, "probable cause can be, and often is, inferred by 'considering the type of crime, the nature of the items sought, the suspect's opportunity for concealment and normal inferences about where a criminal might hide'" the fruits of his crime. *Jones*, 994 F.2d 1051 (quoting *United States v. Jackson*, 756 F.2d 703, 705 (9th Cir.1985)). A court "is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." *United States v. Whitner*, 219 F.3d 289, 296 (3d Cir.2000) (quoting *Unit-*

*ed States v. Caicedo*, 85 F.3d 1184, 1192 (6th Cir.1996)).

In the present case, the reasonable inferences that may be drawn from the facts presented in the affidavit could lead a magistrate to reasonably conclude that drugs or drug paraphernalia would be found in Mr. Mortimer's jeep. The affidavit informed the district justice of the circumstances surrounding the arrest warrant that was executed on Appellant on January 28, 2003. Mr. Mortimer was apprehended on the outstanding arrest warrant for possession with intent to deliver a controlled substance, namely 4.3 grams of methamphetamine, possession of a controlled substance, and carrying loaded weapons. The loaded weapon, a .22 caliber rifle, had been discovered in Mr. Mortimer's vehicle. It is significant to the probable cause inquiry that the events giving rise to the outstanding arrest warrant and the events giving rise to the instant search warrant and charges instituted against Appellant both involved controlled substances. Indeed, this Court has stated that "[t]he use of prior arrests and convictions to aid in establishing probable cause is not only permissible, but is often helpful. This is especially so where, ... the previous arrest or conviction involves a crime of the same general nature as the one which the warrant is seeking to uncover." *Conley*, 4 F.3d at 1207 (citations omitted).[1] Given Patrolman Williams' statement in his affidavit that "[i]n my experience 4.3 grams [of methamphetamine] is more than what is normally carried or purchased for personal use," the fact that a loaded weapon, generally understood to be a tool of the drug trade, *United States v. Koonce*, 884 F.2d 349, 354 n. 8 (8th Cir.1989); *United*

States v. Bonner, 874 F.2d 822, 824 (D.C.Cir.1989), was found in Appellant's vehicle, and the fact that the Mr. Mortimer was discovered with marijuana on his person when the arrest warrant was executed, it was reasonable for the district justice to infer that Appellant is a drug dealer.

This alone may not have been sufficient to establish probable cause that drugs or contraband would be discovered in Mr. Mortimer's jeep on January 28, 2003. However, when considered in conjunction with the remaining information in the affidavit, probable cause to search Appellant's vehicle existed at that time. At the time of execution of the arrest warrant, Mr. Mortimer was found in possession of drugs while he was merely a few feet from his jeep filling it with gas. It is eminently reasonable for Patrolman Williams and the magistrate to believe that further contraband or similar evidence relevant to both the drugs discovered on his person and the crime for which Appellant had just been arrested might be found in the vehicle from which he must have recently alighted and which was in his immediate vicinity at the time of the arrest. This inference is bolstered by the fact that, at the time of Mr. Mortimer's arrest, his jeep was packed with numerous suitcases and other belongings. In addition, the jeep had a temporary license plate covering the permanent license plate. Patrolman Williams observed in his affidavit that "Mortimer appears to be in the process of moving or traveling extensively." Indeed, that Mr. Mortimer's jeep appeared to contain a substantial amount of his personal belongings renders it more probable that any drugs or drug contraband in addition to that al-

---

1. Appellant challenges the relevance of his 1989 conviction for possession of a small amount of marijuana to the determination of whether probable cause existed for the search of his jeep. We agree that this prior conviction is of negligible relevance to the instant inquiry. Nevertheless, the remainder of the affidavit, when read in its entirety, is sufficient to establish probable cause.

ready seized would be located in his vehicle.

Taken together, these factors—that Mr. Mortimer was found with marijuana on his person as he was being arrested on an outstanding warrant for possession with intent to distribute methamphetamine; that a loaded weapon was previously discovered in his vehicle in connection with the methamphetamine; that at the time the marijuana was discovered on his person he was but a few feet from his jeep; and that Appellant's jeep was packed with suitcases and personal belongings—lead to the common sense conclusion that there was a fair probability that drugs or drug paraphernalia would be found in Mr. Mortimer's jeep. The cumulative impact of the evidence as set forth in the affidavit and outlined above leads us to conclude that there was a substantial basis from which the district justice could infer that a search of Appellant's jeep would yield drug-related evidence.

## B. *The Good Faith Exception*

■ Alternatively, even if there was not a substantial basis from which the district justice could make a finding of probable cause, we would still affirm the District Court's denial of Mr. Mortimer's motion to suppress on the basis that Patrolman Williams and other officers who participated in the search of his jeep relied in "good faith" on the issuance of the search warrant.

The good faith exception to the exclusionary rule provides that the suppression of evidence is inappropriate "when an officer executes a search in objectively reasonable reliance on a warrant's authority, even though no probable cause to search exists." *United States v. Hodge*, 246 F.3d 301, 307 (3d Cir.2001) (internal quotations omitted). In assessing whether the good faith exception applies, a court must in-quire "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *United States v. Loy*, 191 F.3d 360, 367 (3d Cir.1999). Although "the mere existence of a warrant typically suffices to prove that an officer conducted a search in good faith and justifies application of the good faith exception," *Hodge*, 246 F.3d at 307–08, this Court has recognized four instances when an officer's reliance on a warrant is not reasonable. *See id.* at 308. The parties agree that the only possible applicable exception in this case is "[when] the warrant was based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" *Id.* (quoting *United States v. Williams*, 3 F.3d 69, 74 n. 4 (3d Cir.1993) (citations omitted)).

As illustrated by our probable cause analysis, Patrolman Williams' affidavit contained more than adequate indicia of probable cause to support the district justice's finding. At most, it could be argued that the affidavit presented a close call. It, however, unquestionably amounted to more than a "bare bones" document based on conclusory, unsupported statements. *Loy*, 191 F.3d at 368. Contrary to Appellant's analysis, which incorrectly fails to consider the affidavit in its entirety, the affidavit, as explained above, outlined in appropriate detail the circumstances surrounding the arrest warrant and its execution, including the observations and research of Patrolman Williams. Once the magistrate made the probable cause determination, it was objectively reasonable for the officers to rely on it. The District Court in this case found that there was a substantial basis for magistrate's finding. We agree. The warrant was not so facially deficient or lacking in indicia of probable cause that a reasonably well trained

officer would have known that the search was illegal despite the magistrate's authorization. Accordingly, we hold that, even if there was not a substantial basis for the district justice's probable cause determination, the good faith exception applies and the District Court's denial of Mr. Mortimer's motion to suppress was proper under the circumstances.

## C.  *The Sixth Amendment Claim*

Finally, we note that Mortimer has raised issues concerning the Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), in a Motion for Summary Remand.  Mortimer claims that his Sixth Amendment rights were violated when the District Court made factual findings regarding the quantity of drugs he possessed in calculating his sentencing range under the Guidelines.  This case was appealed, and the briefs were filed before the Supreme Court rendered its decision in *Blakely.*  Mortimer's initial response to *Blakely* was to file objections to his base offense sentencing calculation with the District Court and also file a Motion to Stay Proceedings in this Court.  On July 22, 2004, we denied Mortimer's Motion to Stay and noted that "the District Court is without jurisdiction to act at this time."  The District Court also denied Mortimer's objections because it lacked jurisdiction.  On August 2, 2004, Mortimer filed a Motion for Summary remand with this Court so he could be resentenced in light of *Blakely.*  We denied Mortimer's motion to remand on August 3, 2004, but nevertheless held this case C.A.V. "pending a resolution of the *Blakely* matter."

On January 12, 2005, the Supreme Court handed down its ruling in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and held that *Blakely* applies to the federal Sentencing Guide-lines.  The Supreme Court also held that the *Booker* decision applies to all cases on direct review, and remanded the cases involved in *Booker* for resentencing.  *Id.* at 769.  Accordingly, *Booker* applies to the case before us.  Having determined that the sentencing issues Mortimer raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for resentencing in light of *Booker.*

## III.  CONCLUSION

The District Court properly denied Mr. Mortimer's motion to suppress.  Thus, his conviction will be affirmed.  However, we will vacate Mortimer's sentence and remand for resentencing in accordance with *Booker.*